UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:
)
) **JUDGE RICHARD L. SPEER**
Peter David Ladd, Deceased )
and ) Case No. 10-34981
Susan Irene Ladd )
)
Debtor(s) )
)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Objection of the Debtor, Susan Ladd, to the Trustee's Motion for Turnover. (Doc. No. 28). By way of the Motion for Turnover, the Trustee, Ericka Parker, seeks the proceeds received by the Debtor, Mrs. Ladd, as a beneficiary on a life insurance policy owned by her deceased husband. (Doc. No. 19). At the Hearing held on the Debtor's Objection for Turnover, the Court afforded the Parties the opportunity to submit briefs in support of their respective positions. Both of the Parties have since filed their briefs, which this Court has now had the opportunity to review. Based upon this review, and for the reasons set forth in this Decision, the Court finds that the Debtor's Objection to the Trustee's Motion for Turnover should be Overruled.

## FACTS

On July 21, 2001, the Debtors, Peter and Susan Ladd, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In their petition, the Debtors set forth that they were domiciled in the state of Ohio. *Id.*

In re Peter and Susan Ladd
Case No. 10-34981

At the time the Debtors filed for bankruptcy relief, the Debtor, Mr. Ladd, was the owner of a life insurance policy. An ownership interest in this policy, however, was not disclosed in the Debtors' bankruptcy filing; nor was the policy claimed as exempt.

In the month following the commencement of the Debtors' bankruptcy case, Mr. Ladd passed away. Per the terms of his life insurance policy, a check for the sum of $8,615.90 was issued to the Debtor, Mrs. Ladd, who was named as a beneficiary under the policy.

By way of her Motion for Turnover, the Trustee, Ericka Parker, seeks to recover for the benefit of the estate the sum of $4,346.71. This amount represents the principal of the life insurance proceeds received by Mrs. Ladd minus an allowance made for the costs associated with Mr. Ladd's death, as well as an allowance made for the unused portion of the wild-card exemption allowed to Mrs. Ladd by O.R.C. § 2329.66(A)(18). Mrs. Ladd has objected to the Trustee's Motion, taking the position that, because of their character, the proceeds of the life insurance policy are exempt.

## DISCUSSION

The matter before the Court requires a determination as to whether the Debtor, Mrs. Ladd (hereinafter the "Debtor"), is entitled to claim an exemption in proceeds she received as a beneficiary under a life insurance policy. Determinations concerning the allowance of exemptions from property of the estate are deemed to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Accordingly, in this matter, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

When a debtor files for relief under Chapter 7 of the Bankruptcy Code, an estate is created comprised of all interests in property held by the debtor at the commencement of the case. 11 U.S.C. § 541(a). A trustee is then appointed to administer the estate. 11 U.S.C. § 701. Among their duties,

Page 2

In re Peter and Susan Ladd
Case No. 10-34981

a bankruptcy trustee is required to "collect and reduce to money the property of the estate for which such trustee serves . . . ." 11 U.S.C. § 704(a)(1).

These directives of the Bankruptcy Code underline a basic precept of bankruptcy law: that a trustee only has authority to administer and liquidate assets encompassed within a debtor's bankruptcy estate. *See, e.g., In re Parks*, 255 B.R. 768, 770 (Bankr. D.Utah 2000). These directives also impart a basic facet of bankruptcy law: Normally, an interest in property acquired by a debtor after their bankruptcy case is filed does not become a part of the debtor's bankruptcy estate, thereby placing that property beyond the reach of the trustee's authority. Concerning the latter statement, however, certain exceptions exist. Among the exceptions, it is provided in § 541(a)(5)(C) that property acquired by a debtor as a beneficiary under a life insurance policy within 180 days of the filing of a bankruptcy petition becomes property of the bankruptcy estate.

In this matter, the Debtor did not contest the Trustee's position that the life insurance proceeds she received on account of her husband's death became a part of her bankruptcy estate by operation of § 541(a)(5)(C). Instead, in defense of the Trustee's Motion for Turnover, the Debtor contends that the life insurance proceeds are exempt property, and thus not subject to turnover.

Turnover is governed by 11 U.S.C. § 542(a). Generally, this provision requires entities, including debtors, who have estate property which the trustee may use, sell, or lease, to deliver to the trustee such property or the value thereof. 11 U.S.C. § 542(a). This requirement, however, does not apply if the property "is of inconsequential value or benefit to the estate." *Id.*

Pursuant to § 522(b), an individual debtor is entitled to exempt certain types of property from the estate. The effect of a properly claimed exemption is to withdraw that interest from the bankruptcy estate. *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). By definition, therefore, the value of any property exempted by a debtor from the estate is of no value

Page 3

In re Peter and Susan Ladd
Case No. 10-34981

or benefit to the estate, and thus not subject to a trustee's action for turnover. *See In re Montanaro*, 307 B.R. 194, 199 (Bankr. E.D.Cal. 2004).

A debtor's right to claim an exemption in bankruptcy is governed by § 522. In this matter, the Debtor set forth in her brief to the Court that she was relying on § 522(d)(11)(c) as the basis for exempting the proceeds she received from her husband's life insurance policy. (Doc. No. 31). This provision affords a debtor, who is a dependent and a beneficiary under a life insurance policy, the right to exempt any payment received under the policy to the extent the payment is reasonably necessary for the support of the debtor and any dependent of the debtor.

The facts presented to the Court show that, since the death of her husband, the Debtor, Mrs. Ladd, does not have a sufficient amount of income to meet her current expenditures. The Court, thus, has no reason to doubt that, within the meaning of § 522(d)(11)(c), the life insurance proceeds she received on account of her husband's death are reasonably necessary for her support. As an actual basis to claim the proceeds exempt, however, the Debtor's reliance on § 522(d)(11)(c) has two flaws, one procedural, one legal.

First, as a matter of procedure, the Debtor has yet to formally amend her bankruptcy schedules so as to claim her interest in the life insurance proceeds as exempt. This is a necessary prerequisite. Bankruptcy Rule 4003(a) provides that a "debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007." For any claim of exemption, including a later amendment, compliance with this Rule is normally mandatory as the listing of the exemption triggers notice requirements to any party that may be affected by the exemption, thereby satisfying due process concerns. FED.R.BANK.P. 1007 and 1009.

In any event, the Debtor's reliance on § 522(d)(11)(c) has no basis in law. A brief overview of § 522 shows why. Section 522 allows a debtor a choice between two types of exemptions, with

Page 4

In re Peter and Susan Ladd
Case No. 10-34981

§ 522(b)(1) providing that a debtor may choose to base their claim of exemptions on either § 522(b)(2) or § 522(b)(3).

A debtor who bases their claim of exemption on § 522(b)(2) is directed to subsection (d) for a list of the specific property exempted. Section 522(d)(11)(c), upon which the Debtor relies for her claim of exemption in the proceeds from her husband's life insurance policy, is among those exemptions set forth in this subsection. A debtor may also claim their exemptions in accordance with § 522(b)(3). For debtors who utilize this provision, their right to exempt property is determined in accordance with the state law of the debtor's domicile as well as any federal non-bankruptcy law exemption – *i.e.*, those exemptions not provided in subsection (d) of § 522(b)(2).

In certain instances, however, depending on their state of residence, a debtor is limited to utilizing § 522(b)(3) as the basis for their exemptions. Section 522(b)(2) provides that "Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." This provision, thus, affords any state the choice of opting out of the federal bankruptcy exemption scheme contained in § 522(d). A state that chooses this option thereby restricts their residents who file for bankruptcy relief to the exemptions afforded under that state's law as well as federal, non-bankruptcy law.

The state of Ohio, disclosed by the Debtor to be her state of domicile, has elected to opt out of the bankruptcy exemptions afforded in § 522(d). Section 2329.662 of the Ohio Revised Code provides:

> Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(d).

Page 5

In re Peter and Susan Ladd
Case No. 10-34981

Accordingly, even assuming that the proceeds the Debtor received from her husband's life insurance policy would qualify as an exempt asset within the meaning of § 522(d)(11)(c), the Debtor is not entitled to use this provision to claim the policy as exempt.

Notwithstanding, even giving the Debtor the benefit of the doubt, and applying Ohio exemption law, does nothing to change the overall result. Under Ohio law, an individual debtor seeking to exempt an interest concerning a life insurance policy is required to look to O.R.C. § 2329.66(A)(6)(b). The breadth of this provision, however, does reach to a debtor, such as Mrs. Ladd, who seeks as a beneficiary to exempt proceeds received under a spouse's life insurance policy. This was the result recently reached by this Court in *In re Kudela*, 427 B.R. 643 (Bankr. N.D.Ohio 2010).

In *In re Kudela*, the debtor's husband owned a life insurance policy that listed the debtor as the beneficiary. Prior to the time she filed her bankruptcy case, the debtor's husband died, and the debtor received proceeds under the life insurance policy. In her bankruptcy, the debtor claimed the proceeds as exempt pursuant to O.R.C. § 2329.66(A)(6)(b)

Section 2329.66(A)(6)(b) provides an exemption for a "person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]" Looking then to the plain meaning of § 3911.10, which limits the breadth of the exemptible interest to the "insured person," the Court denied the debtor's claim of exemption because she was the beneficiary and not the person insured. In sum, the Court stated:

> . . . O.R.C. § 2329.66(A)(6)(b) and § 3911.10 do not confer upon the Debtor the right to claim as exempt the proceeds she received as a beneficiary on the policy insured on the life of her husband. This is not to say that the Debtor, being a widow 80 years of age, does not present a sympathetic situation. However, this Court is not free to create an exemption where none exists. As

Page 6

In re Peter and Susan Ladd
Case No. 10-34981

> such, the insurance proceeds held by the Debtor are subject, as estate assets, to administration by the Trustee.

*In re Kudela*, 427 B.R. at 650.

The Court can see no reason why the result should not be the same in this case. Both the legal issue and the facts before the Court are almost identical, with the salient issue in both this case and in *In re Kudela* being this: Whether proceeds received by a debtor-beneficiary from a spouse's life insurance policy are exempt assets. On this issue, other recent precedent further supports this Court's conclusion. In *In re Schramm*, 431 B.R. 397 (6th Cir. B.A.P. 2010), the Bankruptcy Appellate Panel for the Sixth Circuit, citing with approval this Court decision in *In re Kudela*, held that the debtor was not entitled to claim the proceeds of her husband's life insurance policies as exempt pursuant to § 2329.66(A)(6)(b) and § 3911.10 of the Ohio Revised Code.

In conclusion, the Debtor has no legal basis to claim an exemption in the proceeds she received from her deceased husband's life insurance policy. Foremost, the Debtor, as a resident of the state of Ohio, is precluded, by law, from claiming an exemption under any provision of § 522(d), including 522(d)(11)(c) upon which she relied as the bases for her claim of exemption in the life insurance proceeds. Second, Ohio law, O.R.C. § 2329.66(A)(6)(b), does not afford the Debtor the right to claim the insurance proceeds as exempt.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 7

In re Peter and Susan Ladd
Case No. 10-34981

Accordingly, it is

**ORDERED** that Motion of the Trustee, Ericka Parker, for Turnover, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the Debtor, Susan Ladd, immediately turn over to the Trustee the sum of $4,346.17.

Dated: January 27, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# ***CERTIFICATE OF SERVICE***

Copies were mailed this 27th day of January, 2011, to the following parties:

Ericka S Parker
232 10th St
Toledo, OH 43604

Susan Irene Ladd
614 Louisana Ave
Bryan, OH 43506

Paul H. Duggan
1426 E High St
Bryan, OH 43506

Office of the U.S. Trustee
201 Superior Ave, E, #441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court